UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CANDACE KIARA JACKSON,

        Petitioner,

vs.                              Case No. 3:20-cv-375-BJD-JBT

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

        Respondents.

_____

## **ORDER**

### I.  **STATUS**

Petitioner Candace Kiara Jackson is challenging her St. Johns County conviction for second-degree murder, attempted second-degree murder, and aggravated battery through a pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in the State Custody (Petition) (Doc. 1). Respondents filed a Response to Order to Show Cause (Response) (Doc. 11) and an Appendix of Exhibits to Response to Order to Show Cause (Appendix) (Doc. 12).   Petitioner filed a Traverse to Order to Show Cause (Doc. 14).[1]

---

[1] The Court refers to the exhibits contained in the Appendix (Doc. 12) as "Ex." and references the page number in the bottom center of the page.   For the Petition and Response, the Court references the docket and page numbers assigned by the electronic filing system.

## II.   HABEAS REVIEW

The role of this Court is limited when reviewing a state prisoner's application pursuant to 28 U.S.C. § 2254; "[u]nder AEDPA, a court cannot grant relief unless the state court's decision on the merits was 'contrary to, or involved an unreasonable application of,' Supreme Court precedent, or 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" McKiver v. Sec'y, Fla. Dep't of Corr., 991 F.3d 1357, 1364 (11th Cir.) (citing 28 U.S.C. § 2254(d)(1)-(2)), cert. denied, 142 S. Ct. 441 (2021).   Therefore, habeas relief is limited to those occasions where the state court's determinations are unreasonable, that is, if no fairminded jurist could agree with them.   Id.

If there has been one reasoned state court judgment rejecting a federal claim followed by an unexplained order upholding that judgment, federal habeas courts employ a "look through" presumption: "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning." Wilson v. Sellers, 138 S. Ct. 1188, 1192 (2018) (Wilson).

Also, a state court's finding of fact, whether a state trial court or appellate court, is entitled to a presumption of correctness under 28 U.S.C. §

2

2254(e)(1).  "The state court's factual determinations are presumed correct, absent clear and convincing evidence to the contrary."  Sealey v. Warden, Ga. Diagnostic Prison, 954 F.3d 1338, 1354 (11th Cir. 2020) (quoting 28 U.S.C. § 2254(e)(1)), cert. denied, 141 S. Ct. 2469 (2021).  This presumption of correctness, however, applies only to findings of fact, not mixed determinations of law and fact.  Brannan v. GDCP Warden, 541 F. App'x 901, 903-904 (11th Cir. 2013) (per curiam) (acknowledging the distinction between a pure question of fact from a mixed question of law and fact), cert. denied, 573 U.S. 906 (2014).[2] Furthermore, the second prong of § 2254(d), requires this Court to "accord the state trial court [determination of the facts] substantial deference."  Dallas v. Warden, 964 F.3d 1285, 1302 (11th Cir. 2020) (quoting Brumfield v. Cain, 576 U.S. 305, 314 (2015)), cert. denied, 142 S. Ct. 124 (2021).  As such, a federal district court may not supersede a state court's determination simply because reasonable minds may disagree about the finding.  Id. (quotation and citation omitted).

---

2 The Court finds the reasoning of Brannan persuasive on this point.  See McNamara v. Gov't Emp. Ins. Co., 30 F.4th 1055, 1060-61 (11th Cir. 2022) (reiterating that unpublished opinions may be cited as persuasive authority but are not binding precedent.  See Rule 32.1, Fed. R. App. P.  The Court references other unpublished decisions in this opinion, recognizing that these decisions constitute persuasive authority, not binding precedent.

Of import, "[i]t is not the province of a federal habeas court to reexamine state-court determination on state-law questions." <u>Estelle v. McGuire</u>, 502 U.S. 62, 67 (1991).   Indeed, a habeas petition grounded on issues of state law provides no basis for federal habeas relief as a violation of state statute or rule of procedure does not constitute a violation of the federal constitution. <u>Branan v. Booth</u>, 861 F.2d 1507, 1508 (11th Cir. 1989) (per curiam).   As such, a federal writ is only available in cases amounting to federal constitutional error.   <u>Jones v. Goodwin</u>, 982 F.2d 464, 471 (11th Cir. 1993).   This is so even if the claim is "couched" in terms of alleged constitutional violations, like due process.   <u>Branan</u>, 861 F.2d at 1508.

The two-part <u>Strickland</u> standard governs claims of ineffective assistance of counsel.[3]   <u>Knight v. Fla. Dep't of Corr.</u>, 958 F.3d 1035, 1038 (11th Cir. 2020), <u>cert. denied</u>, 141 S. Ct. 2471 (2021).   <u>See</u> <u>Freeman v. Comm'r, Ala. Dep't of Corr.</u>, 46 F.4th 1193, 1220 (11th Cir. 2022) ("In an ineffective assistance of counsel claim, § 22543(d)'s terms are judged by the standard set forth in <u>Strickland v. Washington</u>."), <u>cert. denied</u>, 143 S. Ct. 1785 (2023). Pursuant to this standard, a defendant must show: (1) her counsel's performance was deficient and (2) the deficient performance prejudiced her

---

3 <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).

defense.  <u>Strickland</u>, 466 U.S. at 687.   A district court need not address both prongs if a petitioner makes an insufficient showing on one.   <u>Fifield v. Sec'y, Dep't of Corr.</u>, 849 F. App'x 829, 833 (11th Cir. 2021) (per curiam) (relying on <u>Strickland</u>), <u>cert. denied</u>, 142 S. Ct. 788 (2022).

To prevail, a petitioner must successfully show her counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" as well as show "the deficient performance prejudiced the defendant, depriving [her] of a 'fair trial, a trial whose result is reliable.'"   <u>Raheem v. GDCP Warden</u>, 995 F.3d 895, 908 (11th Cir. 2021) (quoting <u>Strickland</u>, 466 U.S. at 687), <u>cert. denied</u>, 142 S. Ct. 1234 (2022).   Additionally, combining the deferential standard for judging the performance of counsel with the extra layer of deference that § 2254 provides, the resulting double deference "is doubly difficult for a petitioner to overcome[.]" <u>Johnson v. Sec'y, DOC</u>, 643 F.3d 907, 911 (2011).

To determine whether Petitioner is entitled to habeas relief, this Court must ask (1) whether the [state court] decisions were 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined' in <u>Strickland</u>, or (2) whether the . . . decisions were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'"   <u>Whatley v. Warden, Ga. Diagnostic & Classification Ctr.</u>, 927

5

F.3d 1150, 1175 (11th Cir. 2019) (citations omitted), <u>cert. denied</u>, 141 S. Ct. 1299 (2021).   The AEDPA standard is quite difficult to meet as a state court's decision must be given deference and latitude.

## III.  GROUNDS

Petitioner raises eleven grounds in the Petition:

(1) ineffective assistance of counsel for failure to inform Petitioner of all of the evidence against her prior to trial;

(2) ineffective assistance of counsel for failure to argue the evidence only supported a manslaughter conviction, not murder;

(3) ineffective assistance of counsel for failure to impeach the arresting officer, Mike Stevens;

(4) ineffective assistance of counsel for failure to argue that Petitioner could not be convicted of aggravated battery;

(5) ineffective assistance of counsel for failure to present favorable evidence;

(6) ineffective assistance of counsel for failure to ensure Petitioner had a jury of her peers;

(7) ineffective assistance of counsel for failure to file a motion for change of venue;

(8) insufficiency of the evidence to present a prima facie case of second-degree murder;

(9) insufficiency of the evidence to sustain a conviction for attempted second-degree murder;

6

(10) ineffective assistance of counsel for failure to object when the state declined to seek an attempted manslaughter jury instruction as a lesser included offense to attempted first-degree murder; and

(11) ineffective assistance of counsel for failure to present favorable evidence.

Notably, the state court conducted an evidentiary hearing on grounds five and eleven. The Court concludes no additional evidentiary proceedings are required. The pertinent facts are fully developed in the record, or the record otherwise precludes habeas relief; therefore, the Court can adequately assess Petitioner's claims without any further factual development. Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).

## IV.   DISCUSSION

### A.   Ground One

In her first ground, Petitioner claims her trial counsel was ineffective for failure to inform Petitioner of all of the evidence against her prior to trial. Petition at 5. More specifically, Petitioner contends her counsel performed deficiently in failing to provide Petitioner with the deposition of arresting officer Corporal Mike Stevens prior to trial. Id.

Petitioner raised the claim in ground one of her Amended Motion for Postconviction Relief. Ex. G at 1084-86. The circuit court denied this ground and the motion. Id. at 1179-82. Petitioner appealed. Ex. H; Ex. I; Ex. J. On March 24, 2020, the 5th DCA per curiam affirmed the decision of the trial court. Ex. K. The mandate issued on April 17, 2020. Ex. L. As such, this ground is exhausted.

The circuit court denied the claim relying on the two-pronged standard set forth in Strickland. Ex. G at 1178-79. As the state court applied the two-pronged Strickland standard in addressing the motion for post-conviction relief, Petitioner cannot satisfy the "contrary to" test of 28 U.S.C. § 2254(d)(1). The Court next considers whether the state court unreasonably applied that principle to the facts or premised its adjudication on the claim on an unreasonable determination of the facts.

Although not a model of clarity, apparently Petitioner alleges that Corporal Stevens expanded his statement given in a defense report to include untruthful incriminating statements. Petitioner asserts she did not testify because she was unprepared to defend herself against unknown evidence held by counsel. The circuit court found Petitioner's contention that she did not testify for this reason "entirely conclusory and fails to sufficiently allege prejudice." Ex. G at 1179 n.2. Petitioner apparently challenges the fact that

Corporal Stevens read her Miranda rights and she contends he included untruthful things.   Id. at 1180.   See Petition at 6.

The circuit court rejected Petitioner 's claim, noting that the probable cause affidavit notarized May 11, 2013, states Corporal Stevens read Petitioner her rights.[4]   Ex. G at 1180.   The Arrest Report with Probable Cause statement is attached as Appendix A to the Interim Order on Motion for Post-Conviction Relief.   Id. at 1198-1209.   It states, "[t]he defendant was placed in handcuffs and read her Constitutional Rights by Corporal Mike Stevens."   Id. at 1199.   The Supplemental Narrative of Officer Toby Erwin states he was present when Corporal Stevens read Petitioner her Miranda rights.   Id. at 1204.

The circuit court, assuming arguendo Corporal Stevens made a conflicting statement in his deposition, rejected Petitioner's claim concluding he failed to satisfy the prejudice prong of Strickland.   Id. at 1181.   The court found, discounting Corporal Steven's brief testimony, the result of the proceeding would have been the same.   Id.   Indeed,

> There was no dispute that Defendant hit the victims with her car, killing one victim and injuring the other.   The only dispute was whether Defendant's actions were intentional.   The Court finds that

---

4 Petitioner did not provide the circuit court with a copy of Corporal Stevens' deposition, Petitioner did not quote the deposition, and the deposition itself was not part of the state court record.   Ex. G at 1180 n.3.

9

> Corporal Steven's testimony did little to strengthen
> the State's case since he did not witness the incident.
> The Court also notes that Corporal Stevens' testimony
> was actually helpful to Defendant in that he testified
> that Defendant told him that she did not mean to hit
> the victims with her car.[5]

Id. at 1181-82.

In support, the post-conviction court attached the relevant portion of the trial transcript, Appendix B.   Id. at 1225-36.   On direct, Corporal Stevens attested that he told Petitioner she was being detained, not arrested, and he read her Miranda rights from a card.   Id. at 1226.   Corporal Stevens testified that Petitioner said she understood her rights and expressed her desire to speak with the officer.   Id. at 1227-28.   Corporal Stevens said Petitioner told him as she was coming out of the bank the victims jumped in front of her car. Id. at 1228.   On cross-examination, Corporal Stevens confirmed that Petitioner told him she had a problem with her driver's license, and she was on probation and did not want to go to jail.   Id. at 1230.   Corporal Stevens attested Petitioner exhibited no signs of impairment.   Id.

Finding "Defendant has not sufficiently alleged prejudice, nor can prejudice be established[,]" the circuit court summarily denied ground one.

---

5 The last statement is not contained in the trial transcript.   Also, Petitioner did not testify at trial; however, during a police interview with Detective Thomas Marmo, Petitioner said she did not intend to hit the victims with her car.   Ex. G at 1365.

10

Id. at 1182.   In failing to satisfy the prejudice prong of Strickland, Petitioner's claim of ineffective assistance of counsel will not prevail.   Furthermore, the state court's determination is consistent with federal precedent.   Although unexplained, the 5th DCA's decision is entitled to AEDPA deference. Applying the look-through presumption set forth in Wilson, the Court finds the state court's ruling is based on a reasonable determination of the facts and a reasonable application of Strickland and its progeny.   As such, Petitioner is not entitled to habeas relief on ground one.

## B.   Ground Two

In her second ground, Petitioner raises a claim of ineffective assistance of counsel for failure to argue the evidence only supported a manslaughter conviction, not murder.   Petition at 8.   In support, Petitioner asserts her defense "was always that the faulty vehicle she was operating caused her to be unintentionally negligent."   Id.   She wanted the charge of manslaughter to be given as an option to first or second-degree murder, asserting the jury "would have been more than likely to find the Petitioner guilty of manslaughter or not guilty of all charges."   Id.

Petitioner raised this claim in ground two of her Amended Motion for Postconviction Relief.   Ex. G at 1087-88.   The circuit court denied this ground and the motion.   Id. at 1182-85.   Petitioner appealed and the 5th DCA per

11

curiam affirmed the decision of the trial court.   Ex. K.   This ground is exhausted.

As noted previously, the circuit court denied the motion relying on the two-pronged standard set forth in <u>Strickland</u>.   Ex. G at 1178-79.   As such, Petitioner cannot satisfy the "contrary to" test of 28 U.S.C. § 2254(d)(1).   Next, the Court considers whether the state court unreasonably applied that principle to the facts or premised its adjudication on the claim on an unreasonable determination of the facts.

Review of the verdict form reveals that the jury was given the following options: (1) guilty of first-degree murder; (2) guilty of the lesser included crime of second-degree murder; (3) guilty of the lesser included crime of manslaughter; or (4) not guilty.   Ex. A at 0119.   Clearly, the court instructed the jury as to the lesser included crime of manslaughter.   <u>Id</u>. at 0596, 0600-0601.

The Court considers the state court's instructions as a whole.   These instructions, viewed as a whole, fairly stated the issues and law and were adequate.   <u>United States v. Russell</u>, 717 F.2d 518, 521 (11th Cir. 1983). Additionally, there is a presumption that jurors follow all instructions. <u>Richardson v. Marsh</u>, 481 U.S. 200, 211 (1987).   Thus, the finding of the circuit

court that the jury was given the option to find Petitioner guilty of manslaughter is fully supported by the record.   Ex. G at 1183.

Moreover, during closing argument, defense counsel argued the theory of the defense, a faulty vehicle.   Ex. A at 0630-0634.   Initially, counsel referred to the jury instructions, stating he was not going to go through them word for word because the jury just heard them.   Id. at 0625.   He did emphasize the vehicle's transmission problems.   Id. at 0631.   He argued, "the throttle was depressed, the transmission did not engage in gear until the engine was revving up, when it did engage in gear, it engaged at a point where there was a jerk, where the tires squealed.   And at 380 pounds, she rotated backwards faster."   Id. at 0633.   Counsel noted it was undisputed that the seat was broken.   Id.   He stated, "[g]ranted, she [the defendant] knew that the seat was broken."   Id. at 0636.

At the conclusion of his closing argument, counsel asked for a not guilty verdict as to all three counts.   Id. at 0647.   Of import, during the post-conviction evidentiary hearing, defense counsel Raymond Warren explained that he wanted to argue for manslaughter as he felt it was the better argument, but Petitioner wanted counsel to argue for not guilty of anything and he believed there was evidence to support that argument, so he used it.   Ex. G at 1763, 1771.

The circuit court, in denying this claim of ineffective assistance of counsel found that it was clear from the record the jury rejected the theory that hitting the victims with the vehicle was accidental.  Id. at 1185.  The court was unpersuaded that the jury would have convicted the defendant of manslaughter instead of second-degree murder if counsel had argued differently.  Id.  The jury necessarily found that Petitioner acted out of ill will, hatred, spite, or an evil intent when the jury found her guilty of second-degree murder.  Ex. A at 0095, 0119.  Petitioner is not entitled to a jury pardon as defendants are not entitled "to the luck of a lawless decisionmaker.'" Crapser v. Sec'y, Dep't of Corr., 855 F. App'x 626, 627 (11th Cir. 2021) (per curiam) (quoting Strickland, 466 U.S. at 695)), cert. denied, 142 S. Ct. 1155 (2022).  As such, the court found Petitioner "cannot establish prejudice."  Ex. G at 1185.

Defense counsel did not perform deficiently as the court instructed the jury on manslaughter, the verdict form included manslaughter, and the jury had the option to convict Petitioner of manslaughter.   Furthermore, Petitioner cannot establish prejudice.   In failing to satisfy the prejudice prong of Strickland, Petitioner's claim of ineffective assistance of counsel will not prevail.   Upon review, the state court's determination is consistent with federal precedent.   Although unexplained, the 5th DCA's decision is entitled

to AEDPA deference.   The Court will apply the look-through presumption set forth in <u>Wilson</u>.   The state court's ruling is based on a reasonable determination of the facts and a reasonable application of <u>Strickland</u> and its progeny.   Therefore, Petitioner is not entitled to habeas relief on ground two.

## C.   Ground Three

Petitioner claims in her third ground that her trial counsel was ineffective for failure to impeach the arresting officer, Mike Stevens.   Petition at 10.   Petitioner raised a comparable claim in ground three of her Amended Motion for Postconviction Relief.   Ex. G at 1089-90.   The circuit court denied post-conviction relief.   <u>Id</u>. at 1185-86.   The 5th DCA affirmed.   Ex. K.   The record shows ground three is exhausted.

The circuit court utilized the two-pronged standard set forth in <u>Strickland</u>, Ex. G at 1178-79, and the 5th DCA affirmed.   As such, Petitioner cannot satisfy the "contrary to" test of 28 U.S.C. § 2254(d)(1).   In compliance with AEDPA, the Court next considers whether the state court unreasonably applied that principle to the facts or premised its adjudication on the claim on an unreasonable determination of the facts.

The circuit court summarily denied this ground finding Petitioner failed to sufficiently allege prejudice and that prejudice cannot be established, relying on its analysis provided in ground one.   Ex. G at 1186.   The court

reasoned, even discounting Corporal Steven's brief testimony, the result of the proceeding would have been the same.   Id. at 1181.   As noted previously, the circuit court rejected Petitioner 's claim that she was not read her Miranda rights, noting that the probable cause affidavit notarized May 11, 2013, states Corporal Stevens read Petitioner her rights and the Supplemental Narrative of Officer Toby Erwin states he was present when Corporal Stevens read Petitioner her Miranda rights.   Id. at 1180-81.

Petitioner did not satisfy the prejudice prong of Strickland as the court found the outcome would have remained the same even if counsel had performed as suggested by Petitioner as the court was convinced that any attempted impeachment of the arresting officer would have had no significant impact on the outcome of the case.   Without satisfying the prejudice prong, Petitioner cannot prevail on her claim of ineffective assistance of counsel.

Petitioner has failed to show the state court's rejection of the claim of ineffective assistance of counsel raised in this claim is contrary to, or an unreasonable application of Strickland, nor has she shown the decision is based on an unreasonable determination of the facts.   Petitioner is not entitled to habeas relief on ground three.

16

### D.   Ground Four

In ground four, Petitioner contends that her counsel was ineffective for failure to argue that Petitioner could not be convicted of aggravated battery. Petition at 12.   In support, Petitioner contends that the required elements of aggravated battery were not met, and the charge of aggravated battery should have been dismissed upon motion.   Id.   She also contends that she was convicted of aggravated battery in violation of the Double Jeopardy Clause as she was also convicted of attempted second-degree murder for the same criminal episode.   Id. at 13.   She complains, "[t]hese convictions constitute multiple punishments for the same offense and elements where the elements of the greater offense subsumed the elements of the lesser."   Id.

Generally, this is the same claim Petitioner raised in ground four of her Amended Motion for Postconviction Relief.   Ex. G at 1091-92.   The circuit court denied post-conviction relief.   Id. at 1186-88.   Petitioner appealed, and the 5th DCA affirmed.   Petitioner has generally exhausted her state court remedies.

The circuit court analyzed this ground under the two-pronged Strickland standard.   Ex. G at 1178-79.   The 5th DCA affirmed.   Thus, Petitioner cannot satisfy the "contrary to" test of 28 U.S.C. § 2254(d)(1).   Under AEDPA, the Court next considers whether the state court unreasonably applied that

17

principle to the facts or premised its adjudication on the claim on an unreasonable determination of the facts.

The circuit court found there was a factual basis for aggravated battery. Ex. G at 1187. The court noted it was undisputed that Petitioner hit the victims with her vehicle, the only disputed issue was Petitioner's intent, and there was evidence submitted by the state to support a finding of intent. Id.

After giving the charge for attempted first-degree murder of Shaina Armstrong, the court gave the instruction for attempted second-degree murder. Ex. A at 0605-0608. For attempted second-degree murder, the court instructed:

> To prove the crime of attempted second-degree murder, the State must prove the following two elements beyond a reasonable doubt:
>
> 1. That Candace Jackson intentionally committed an act which would have resulted in the death of Shaina Armstrong except that someone prevented Candace Jackson from killing Shaina Armstrong or she failed to do so.
>
> 2. The act was imminently dangerous to another and demonstrating a depraved mind without regard for human life.
>
> An "act" includes a series of related actions arising from and performed pursuant to a single design or purpose.

18

An act is "imminently dangerous to another and demonstrating a depraved mind" if it is an act or series of acts that:

1.     a person of ordinary judgment would know is reasonably certain to kill or to do serious bodily injury to another, and

2.     is done from ill will, hatred, spite, or an evil intent, and

3.     is of such a nature that the act itself indicates an indifference to human life.

In order to convict the defendant of attempted second-degree murder, it is not necessary for the State to prove that the defendant had an intent to cause death.

It is not an attempt to commit second-degree murder if the defendant abandoned the attempt to commit the offense or otherwise prevented its commission under circumstances indicating a complete and voluntary renunciation of her criminal purpose.

Id. at 0607-0608.

Not only was Petitioner charged with attempted murder she was also charged with aggravated battery.   The court provided the following instruction for the offense of aggravated battery:

To prove the crime of aggravated battery, the State must prove the following two elements beyond a reasonable doubt.   The first element is the definition of battery[:]

19

> 1.     That Candace Jackson intentionally touched or struck Shaina Armstrong against her will, or Candace Jackson intentionally caused bodily harm to Shaina Armstrong, and
>
> 2.     That Candace Jackson in committing the battery (a) intentionally or knowingly caused great bodily harm, permanent disability, or permanent disfigurement to Shaina Armstrong; or (b) used a deadly weapon.
>
> A weapon is a "deadly weapon" if it is used or threatened to be used in a way likely to produce death or great bodily harm.

<u>Id</u>. at 0608-0609.   The court also provided an instruction for battery, a lesser included offense of aggravated battery.   <u>Id</u>. at 0609.

As recently noted by this Court,

> Convictions for attempted second-degree murder and aggravated battery with a deadly weapon do not violate double jeopardy because attempted second-degree murder requires proof of an element that aggravated battery with a deadly weapon does not. <u>See</u> <u>State v. Florida</u>, 894 So. 2d 941, 949 (Fla. 2005), <u>receded from on other grounds by</u> <u>Valdes v. State</u>, 3 So. 3d 1067, 1077 (Fla. 2009); <u>Schirmer v. State</u>, 837 So. 2d 587, 589 (Fla. 5th DCA 2003) ("[A]ttempted second degree murder requires proof of an act which could have resulted in death–an element not required for aggravated battery.").

<u>Tramel v. Sec'y, Fla. Dep't of Corr.</u>, No. 3:19-cv-1071-MMH-MCR, 2022 WL 2818111, at *16 (M.D. Fla. July 19, 2022).   Indeed, an act need not have had the potential to cause death to constitute aggravated battery; therefore each offense requires proof of an element not included in the other.   As such, Petitioner was not subject to multiple punishments for the same offense in violation of the Double Jeopardy Clause of the United States Constitution.

Upon review, based on this record, Petitioner did not receive multiple punishments for the same offense when she was convicted of both attempted second-degree murder and aggravated battery.   See <u>Kendrick v. Sec'y, Dep't of Corr.</u>, No. 6:10-cv-333-Orl-31KRS, 2011 WL 4529638, at *5 (M.D. Fla. Sept. 30, 2011) (not reported in F.Supp.2d) (finding the state court's determination that convictions for attempted second-degree murder and aggravated battery do not violate double jeopardy is neither contrary to nor an unreasonable application of clearly established Federal law).   Petitioner was not subjected to a double jeopardy and this claim is due to be denied.

Petitioner has failed to establish that the state court's decision denying her claim of ineffective assistance of counsel was contrary to or an unreasonable application of federal law.   Petitioner has not shown that the state court unreasonably determined the facts.   Finally, Petitioner has failed to show a reasonable probability exists that the outcome of the case would have

21

been different if her counsel had given the assistance that Petitioner has alleged should have been provided.

The 5th DCA's decision, although unexplained, is entitled to AEDPA deference. Under <u>Wilson</u>, applying the look through presumption described therein, the Court finds the state court's ruling is based on a reasonable determination of the facts and a reasonable application of the law. As such, the state court's adjudication of the claim is not contrary to or an unreasonable application of <u>Strickland</u> or based on an unreasonable determination of the facts. Petitioner is not entitled to habeas relief on ground four.

## E.   Ground Five

In her fifth ground, Petitioner raises a claim of ineffective assistance of counsel for failure to use evidence favorable to Petitioner. Petition at 14. Petitioner wanted her counsel to obtain fuel logs in order to determine whether low fuel played a factor in the performance of Petitioner's vehicle and the striking of the two victims. <u>Id</u>. at 14-15.

Petitioner raised this claim in ground five of Petitioner's Amended Motion for Postconviction Relief. Ex. G at 1093-94. The circuit court, in its Interim Order on Motion for Post-conviction Relief decided that Petitioner should be granted an opportunity to amend the claim. <u>Id</u>. at 1116-17. Petitioner did so. <u>Id</u>. at 1121-24. The circuit court entered an Interim Order

on Motion for Post-conviction Relief scheduling grounds five and eleven for an evidentiary hearing. <u>Id</u>. at 1197. The court appointed post-conviction counsel for Petitioner and conducted an evidentiary hearing on March 7, 2019. <u>Id</u>. at 1713-1785.

Ultimately, the circuit court entered a Final Order Denying Defendant's Motion for Post-Conviction Relief. <u>Id</u>. at 1462-71. Once again, the court employed the <u>Strickland</u> two-pronged standard of review. <u>Id</u>. at 1464. Petitioner alleged that "the lack of fuel in her vehicle caused it to operate in a sporadic manner," meaning her actions were unintentional. <u>Id</u>. at 1465. She contended that her counsel should have obtained the record that the Sheriff's Office had to add fuel in order to conduct a reenactment of the incident and counsel's failure to acquire these documents constituted deficient performance. <u>Id</u>.

Both Petitioner and her trial attorney, Mr. Warren, testified at the evidentiary hearing. The court recognized that Mr. Warren is a very experienced trial attorney who has defended numerous murder cases at trial, including capital cases. <u>Id</u>. at 1466. Mr. Warren explained his strategic decision not to pursue the claim of low fuel as it would have defeated his defense. <u>Id</u>. at 1467. In short, Mr. Warrant attested "that pursuing the lack of fuel theory would have been inconsistent with Mr. Church's favorable

23

deposition testimony, the other evidence developed, and his theory of defense." Id. Moreover, through discovery and based on evidence presented at trial, Officer Stephen M. Briggs was going to testify and did testify that when he approached the empty vehicle, the engine was running with the keys in the ignition. Ex. A at 0250. Thus, any argument that the vehicle was devoid of fuel would be directly countered by this strong evidence that the engine was still running. Ex. G at 1467-68.

Taking into consideration the testimony provided at the evidentiary hearing, the circuit court found neither deficient performance nor prejudice under Strickland. Finding counsel employed a very reasonable trial strategy, the court concluded that he did not act outside the wide bounds of professional standards. Id. at 1468. Additionally, the court found Petitioner failed to demonstrate prejudice as she did not know whether the investigators added fuel, if there were records supporting her contention, and she faced the formidable testimony that the engine was still running when the police arrived on the scene. Id.

In failing to satisfy the performance prong of Strickland, Petitioner's claim of ineffective assistance of counsel will not prevail. The record confirms Petitioner had very experienced counsel. "The presumption of reasonableness is even stronger when we are reviewing the performance of an experienced trial

counsel." <u>Michael v. Crosby</u>, 430 F.3d 1310, 1320 (11th Cir. 2005) (quoting <u>Callahan v. Campbell</u>, 427 F.3d 897, 933 (11th Cir. 2005)), <u>cert. denied</u>, 547 U.S. 1133 (2006).

The state court applied the <u>Strickland</u> two-pronged standard and found Petitioner failed to establish any deficient performance by her attorney as counsel's advice and performance was clearly within the wide range of reasonably competent counsel.  Also, there is a strong presumption that an experienced trial counsel's performance is not ineffective, and here, the state court, in denying relief, found Petitioner failed to overcome the presumption of effective performance accorded to his counsel.   The court also found Petitioner failed to establish prejudice.

The Court finds the state court's determination is consistent with federal precedent.   Although unexplained, the 5th DCA's decision is entitled to AEDPA deference.   After applying the look-through presumption set forth in <u>Wilson</u>, the Court finds the state court's ruling is based on a reasonable determination of the facts and a reasonable application of <u>Strickland</u> and its progeny.   Thus, Petitioner is not entitled to habeas relief on ground five.

### F.   Ground Six

Petitioner, in her sixth ground, claims her trial counsel was ineffective for failure to ensure that she had a jury of her peers.   Petition at 16.

25

Petitioner is an African American and alleges that her jury was all Caucasian. Id. She submits that the victims were Caucasian as well as the judge. Id. Petitioner states that the only non-Caucasians in the courtroom were Petitioner and her family. Id. Petitioner thought many jurors knew the victims. Id. at 17. She also believed it was necessary for her counsel to request a change of venue to obtain a fair trial. Id.

Petitioner raised a comparable claim in ground six of her Amended Motion for Postconviction Relief. Ex. G at 1095-97. The circuit court denied relief. Id. at 1189-91. Petitioner appealed, and the 5th DCA affirmed. Thus, the claim is exhausted.

The circuit court employed the two-pronged Strickland standard of review. Ex. G at 1178-79. The 5th DCA affirmed. Under these circumstances, Petitioner cannot satisfy the "contrary to" test of 28 U.S.C. § 2254(d)(1). The Court next considers whether the state court unreasonably applied that principle to the facts or premised its adjudication on the claim on an unreasonable determination of the facts.

The record demonstrates that defense counsel performed well within the range of reasonable professional performance during voir dire. Ex. A at 684-896. Upon inquiry, the venire assured the court that they had not read and did not know anything about the case. Id. at 0714. The state listed its

26

witnesses for the venire.  Id. at 0706.   In response, only one individual, Ms. Peralta, said she knew someone, the victim Shaina Armstrong, and was familiar with the case.  Id. at 1706-0707.   The trial court promptly excused her.  Id. at 0707.  Defense counsel read his list of potential witnesses.  Id. at 0709-0711.   The venire knew none of the defense's potential witnesses.  Id. at 0712.

In denying post-conviction relief, the circuit court considered Petitioner's allegations and found them wanting as they "are purely speculative" in that Petitioner failed to sufficiently identify particular acts or omissions by her counsel that were outside the broad range of reasonable assistance.   Ex. G at 1190.   The court noted that racial comments made at the scene of the crime did not bear on the impartiality of the jury.   Id.   The court also found Petitioner's assumption that the jurors must have been biased against her to find her guilty was entirely unsupported.   Id.   Furthermore, the court found that Petitioner failed to identify any particular acts or omissions by counsel that would have altered the make-up of the all-white jury.   Id.   The court found no evidence of racial discrimination in the selection process, either by the state or the trial court.   Id. at 1190-91.   As such, the court denied the claim raised in ground six.   Id. at 1191.

27

The state court's decision is entitled to deference pursuant to AEDPA. The ruling is based on a reasonable determination of the facts and a reasonable application of the law. The 5th DCA's adjudication of the claim is not contrary to or an unreasonable application of <u>Strickland</u> or based on an unreasonable determination of the facts. Petitioner is not entitled to habeas relief on ground six.

### G.   Ground Seven

In ground seven, Petitioner claims her counsel was ineffective for failure to file a motion for change of venue. Petition at 18. Petitioner avers that she asked counsel to move for a change of venue as the crash occurred in St. Augustine, Florida, a small town, where Petitioner was born and raised. <u>Id</u>. Defense counsel declined to file a motion to change venue, explaining that it was not a high-profile case. <u>Id</u>. Petitioner contends, "the jurors were very much aware of the case through the constant media attention and publicity." <u>Id</u>.

Petitioner raised a similar claim in ground seven of her Amended Motion for Postconviction Relief. Ex. G at 1098-1101. The circuit court denied relief. <u>Id</u>. at 1191-95. Petitioner exhausted this ground as she appealed the circuit court's decision, and the 5th DCA affirmed.

The trial court used the two-pronged <u>Strickland</u> standard in addressing this claim.   Ex. G at 1178-79.   The 5th DCA affirmed.   Thus, Petitioner cannot satisfy the "contrary to" test of 28 U.S.C. § 2254(d)(1).   The Court next considers whether the state court unreasonably applied that principle to the facts or premised its adjudication on the claim on an unreasonable determination of the facts as required by AEDPA.

The court considered Petitioner's allegations and found that the record shows that pretrial publicity was not a factor in the parties' ability to select a jury.   Ex. G at 1193.   Indeed, the venire said it was unaware of the case, except for the one venire member who was promptly excused.   The court found "trial counsel was not deficient in declining to move for change of venue."   <u>Id</u>. at 1194.   Additionally, the court concluded that there is no reasonable probability the trial court would have or should have granted a motion for change of venue under the circumstances presented.   <u>Id</u>.   The court found neither deficient performance nor prejudice.   <u>Id</u>. at 1194-95.

Again, the threshold standard of <u>Strickland</u> has not been met.   The reviewing court applied the two-pronged standard and found Petitioner had failed to establish any deficient performance by counsel.   Additionally, the court found Petitioner did not satisfy the prejudice prong.   The state court's adjudication of this claim is not contrary to or an unreasonable application of

Strickland or based on an unreasonable determination of the facts.   Here, the court was objectively reasonable in its Strickland inquiry.   The 5th DCA affirmed.   Applying the look through presumption described in Wilson, the state court's ruling is based on an reasonable determination of the facts and a reasonable application of the law.

As the threshold standard of Strickland has not been met, Petitioner has failed to demonstrate that the state court proceeding was fundamentally unfair and her counsel ineffective.   Thus, she has failed to demonstrate a Sixth Amendment violation under the Constitution.   Petitioner is not entitled to habeas relief on ground seven.

### H.   Grounds Eight and Nine

In grounds eight and nine, Petitioner claims insufficiency of the evidence to support her convictions for second-degree murder and attempted second-degree murder.   Petition at 20, 22.   She claims the element of intent could not be satisfied, indicating that the evidence best supported a lesser charge of manslaughter, not murder.   Id. at 20, 22.

Petitioner raised comparable contentions on direct appeal.   Ex. B at 0961 ('The trial court erred to deny the motion for a judgment notwithstanding the verdict when the evidence did not set forth a prima facie case of second degree murder or attempted second degree murder.").   On December 8, 2015,

30

the 5th DCA per curiam affirmed.   Ex. E.   The mandate issued on January 4, 2016.   Ex. F.

Petitioner raised comparable claims in her Amended Motion for Postconviction Relief.   Ex. G at 1102-1107.   The circuit court summarily denied relief.   Id. at 1195.   Petitioner appealed the circuit court's decision, and the 5th DCA affirmed.   Ex. K.

The indictment charged one count of first-degree murder, one count of attempted first-degree murder, and one count of aggravated battery.   Ex. A at 0039.   The trial commenced on May 27, 2014.   Id. at 0203-0681.   The trial record demonstrates that defense counsel, Mr. Warren, made a motion for judgment of acquittal on all three counts.   Id. at 0558-0562.   He argued that the state had not shown specific mental intent.   Id. at 0559-60.

The state responded that the physical evidence and the eyewitness testimony showed that Petitioner intended to run over the victims.   Id. at 0561.   The court found this was a matter for the jury as "someone can have the intent to kill at 16 miles an hour or 30 miles an hour."   Id. at 0562.   The court explained its ruling,

> And the evidence as far as the Court has seen so far shows – shows the – as far as the State's evidence is concerned shows someone being struck, and the car continuing on through a hedge – or through bushes and onto the thing.

> This jury certainly can infer that that's sufficient intent to warrant giving it to them. I'm not saying they will. I'm just saying I don't – I don't think you met the burden that I need to grant your motion. So you're [sic] motion is denied.

Id.

Thereafter, defense counsel renewed his motion for a judgment of acquittal. Id. at 0566, 0571. The court denied the renewed motion. Id. at 0571-72.

The court instructed the jury on both first-degree premeditated murder, second-degree murder, and manslaughter. Ex. G at 0598-0604. The court then provided instructions for attempted first-degree murder and attempted second-degree murder. Id. at 0604-0608. Finally, the court instructed the jury on aggravated battery and battery. Id. at 0608-0609.

With regard to the crime of second-degree murder, the court provided the three elements that must be proved beyond a reasonable doubt:

1.   That Rosa Lee Armstrong is dead.

2.   The death was caused by the criminal act of Candace Jackson.

3.   There was an unlawful killing of Rosa Lee Armstrong by an act imminently dangerous to another and demonstrating a depraved mind without regard for human life.

32

Id. at 0599-0600.

The court elaborated:

> An "act" includes a series of related actions arising from and performed pursuant to a single design or purpose.
>
> An act is "imminently dangerous to another and demonstrating a depraved mind" if it is an act or series of acts that:
>
> 1.     a person of ordinary judgment would know is reasonably certain to kill or do serious bodily injury to another, and
>
> 2.     is done from ill will, hatred, spite, or an evil intent, and
>
> 3.     is of such a nature that the act itself indicates an indifference to human life.
>
> In order to convict of second-degree murder, it is not necessary for the State to prove the defendant had an intent to cause death.

Id. at 0600.[6]

The record shows the court considered the evidence and denied the motion for judgment of acquittal based on the evidence and argument of counsel.   The 5th DCA affirmed.   Ex E.   Petitioner has not established that the 5th DCA's decision was contrary to or an unreasonable application of

---

6 The Court previously set forth the instruction given for attempted second-degree murder in ground three.

33

federal law, nor that there was an unreasonable determination of the facts. Thus, the Court will give deference under AEDPA to the state court's decision to the extent the claim was raised and addressed in the federal constitutional sense.   See <u>Jackson v. Virginia</u>, 443 U.S. 307 (1979).

After reviewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found Petitioner committed the crimes of second-degree murder and attempted murder in the second degree. <u>See</u> <u>Wilcox v. Ford</u>, 813 F.2d 1140, 1143 (11th Cir.) (given that evidence may give some support to the defendant's theory of innocence, that is not sufficient to warrant habeas relief), <u>cert. denied</u>, 484 U.S. 925 (1987).   As such, the evidence at trial was sufficient to convict Petitioner of these offenses and there was no denial of due process of law.

This Court will defer to this resolution as well as give AEDPA deference to the 5th DCA's decision to the extent the claim of insufficiency of the evidence was raised and addressed in the federal constitutional sense.   The state court's rejection of the constitutional claim is entitled to deference under AEDPA.   <u>McDaniel v. Brown</u>, 558 U.S. 120, 132 (2010) (per curiam) (a reviewing court must not depart "from the deferential review that <u>Jackson</u> and § 2254(d)(1) demand").   <u>See</u> <u>Preston v. Sec'y, Fla. Dep't of Corr.</u>, 785 F.3d 449, 463 (11th Cir. 2015) (recognizing that a petitioner raising a <u>Jackson</u> claim faces

34

a high bar in federal habeas due to the two layers of judicial deference) (citing Coleman v. Johnson, 566 U.S. 650, 651 (2012) (per curiam)).   Thus, grounds eight and nine are due to be denied.

Petitioner is not entitled to habeas relief on her claim of a Fourteenth Amendment violation.   A state prisoner is entitled to habeas relief if the federal court finds: "upon the record evidence adduced at the trial no rational trier of fact could have found proof beyond a reasonable doubt."   McDaniel v. Brown, 558 U.S. at 121 (quoting Jackson, 443 U.S. at 324).   Not only must the federal court consider all of the evidence admitted at trial the court must also review the evidence in the light most favorable to the prosecution.   Jackson, 443 U.S. at 319.   This criterion impinges upon the jury's role, "only to the extent necessary to guarantee the fundamental protection of due process of law."   Id. (footnote omitted).

Upon review, the evidence adduced at Petitioner's trial was sufficient to convict Petitioner of second-degree murder and attempted murder in the second degree.   After viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found Petitioner committed these offenses.   See McGhee v. Sec'y, Dep't of Corr., No. 8:18-cv-2358-T-33AEP, 2019 WL 3388232, at *12 (M.D. Fla. July 26, 2019) (not reported in F. Supp.) (for the depraved mind element of second-degree murder, the court may

consider the defendant's conduct prior to the use of deadly force).   Evidence of an adversarial relationship or ill will between the parties and the inferences which may be drawn from these facts may be considered when analyzing whether there is competent substantial evidence to support a conviction for second-degree murder.   Morales v. State, 251 So. 3d 167, 172 (Fla. 4th DCA 2018).   Notably, "[t]he Defendant's convictions arise out of an incident on May 10, 2013, in which she and her girlfriend Shaina Armstrong got into an argument in a bank parking lot.   The Defendant then drove her automobile at Shaina Armstrong and her mother Rosa Armstrong, striking them, which resulted in the death of Rosa Armstrong."   Ex. G at 1464.

After reviewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found Petitioner committed the crimes of second-degree murder and attempted murder in the second degree. Although there may be conflicting inferences, there is a presumption that the jury resolved the conflicts in favor of the prosecution.   Johnson v. Ala., 256 F.3d 1156, 1172 (2001) ("federal courts must defer to the judgment of the jury in assigning credibility to the witnesses and in weighing the evidence"), cert. denied, 535 U.S. 926 (2002).   Viewing the record of the evidence and reasonable inferences in the light most favorable to the prosecution and referring to the essential elements of the crimes as defined by Florida state

36

law, a rational trier of fact could have found the essential elements of these crimes beyond a reasonable doubt.   Petitioner is not entitled to relief under Jackson as no due process violation exists.

This Court will defer to this resolution as well as give AEDPA deference to the 5th DCA's decision to the extent the claims were raised and addressed in the federal constitutional sense.   The state court's rejection of these claims is entitled to deference under AEDPA.   Petitioner is not entitled to habeas relief on grounds eight and nine.

## I.   Ground Ten

In ground ten, Petitioner claims her trial counsel was ineffective for failure to object when the state declined to seek an attempted manslaughter jury instruction as a lesser included offense for attempted murder.   Petition at 24.   Petitioner raised a similar claim in ground ten of the Amended Motion for Postconviction Relief.   Ex. G at 1108-1110.   The circuit court summarily denied this ground, citing Sanders v. State, 946 So. 2d 953, 959-60 (Fla. 2006) (finding the possibility of a jury pardon cannot form the basis for a finding of prejudice).   Ex. G at 1195.   Petitioner appealed the circuit court's decision, and the 5th DCA affirmed.   Ex. K.

The circuit court denied the claim relying on the two-pronged standard set forth in Strickland.   Ex. G at 1178-79.   Thus, Petitioner cannot satisfy the

"contrary to" test of 28 U.S.C. § 2254(d)(1) as the state court applied the two-pronged Strickland standard in addressing the motion for post-conviction relief.   The Court next considers whether the state court unreasonably applied that principle to the facts or premised its adjudication on the claim on an unreasonable determination of the facts.

Clearly, the state court was not convinced that Petitioner was able to show a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different.   Indeed, "any finding of prejudice resulting from defense counsel's failure to request an instruction on lesser-included offenses necessarily would be based on a faulty premise: that a reasonable probability exists that, if given the choice, a jury would violate its oath, disregard the law, and ignore the trial court's instructions."   Sanders, 946 So. 2d at 959 (relying on Strickland).

The jury found Petitioner guilty of the greater offense, attempted murder in the second degree.   Here, Petitioner failed to satisfy the prejudice prong of Strickland.   Moreover, Petitioner has failed to show the state court's rejection of the claim of ineffective assistance of counsel raised in this claim is contrary to, or an unreasonable application of Strickland, nor has she shown the decision is based on an unreasonable determination of the facts.   Petitioner is not entitled to habeas relief on ground ten.

38

## J.   Ground Eleven

Petitioner claims her trial counsel was ineffective for failure to present evidence at trial of Petitioner's eye condition, Keratoconus Disease.   Petition at 26.   Petitioner raised the same claim in ground eleven of her Amended Motion for Postconviction Relief.   Ex. G at 1111.   The circuit court entered an Interim Order on Motion for Post-conviction Relief scheduling grounds five and eleven for an evidentiary hearing.   Id. at 1197.   The court appointed post-conviction counsel for Petitioner and conducted an evidentiary hearing on March 7, 2019.   Id. at 1713-1785.

Afterwards, the circuit court entered a Final Order Denying Defendant's Motion for Post-Conviction Relief.   Id. at 1462-71.   Once again, the court employed the Strickland two-pronged standard of review.   Id. at 1464.   The court denied ground eleven.   Id. at 1468-70.

The claim is exhausted.   Here, Petitioner cannot satisfy the "contrary to" test of 28 U.S.C. § 2254(d)(1) as the state court applied the two-pronged Strickland standard.   Next, the Court considers whether the state court unreasonably applied that principle to the facts or premised its adjudication on the claim on an unreasonable determination of the facts.

Based on the evidentiary hearing testimony, the court found counsel employed a reasonable trial strategy and performed well within the wide range

39

of reasonably competent assistance under prevailing professional standards. Ex. G at 1470. As such, the court concluded that counsel did not perform deficiently in failing to pursue or introduce testimony at trial regarding Petitioner's vision issues. Id.

In essence, the theory of the defense was that Petitioner was thrown back in the driver's seat; therefore, her vision issues had no bearing on her striking the victims. Id. at 1469. Additionally, the defense wanted to avoid putting Petitioner on the stand as she would have been subject to impeachment by her statement to the police in which she admitted intentionally striking the victims with her automobile. Id. at 1170. Of import, the state had not introduced the statement in the state's case based on possible suppression issues. Id. Defense counsel did not want to open that door as it may have led to a first-degree murder conviction. Id.

Upon review, the circuit court properly applied the Strickland standard. The 5th DCA affirmed. Therefore, Petitioner cannot satisfy the "contrary to" test of 28 U.S.C. § 2254(d)(1). Applying the look-through presumption set forth in Wilson, the Court finds the state court's ruling is based on a reasonable determination of the facts and a reasonable application of the law. Petitioner has not demonstrated that the state court unreasonably applied Strickland or

unreasonably determined the facts.   Thus, the 5th DCA's decision, although unexplained, is entitled to AEDPA deference.

The Court finds the state court's adjudication of this claim is not contrary to or an unreasonable application of <u>Strickland</u> or based on an unreasonable determination of the facts.   As the AEDPA standard is quite difficult to meet, and Petitioner has failed to meet that standard, Petitioner is not entitled to habeas relief on ground eleven of the Petition.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.   The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

2.   This action is **DISMISSED WITH PREJUDICE**.

3.   The **Clerk** shall enter judgment accordingly and close this case.

4.   If Petitioner appeals the denial of his Petition (Doc. 1), **the Court denies a certificate of appealability**.[7]   Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate

---

[7] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).   To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)).   Upon due consideration, this Court will deny a certificate of appealability.

from the pending motions report any motion to proceed on appeal as a pauper

that may be filed in this case.   Such termination shall serve as a denial of the

motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 20th day of July,

2023.

BRIAN J. DAVIS
United States District Judge

sa 7/17
c:
Candace Kiara Jackson
Counsel of Record

42